UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
02 DEC 12 PM 5: 04
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| **VIRGINIA JONES, formerly known as VIRGINIA D. JACKSON,** ) ) ) **Plaintiff,** ) ) vs. ) ) **PRIMERICA LIFE INSURANCE COMPANY,** ) ) ) **Defendants.** ) | Civil Action No. CV-02-S-1235-NE |

ENTERED
DEC 12 2002

## MEMORANDUM OPINION

This action is before the court on the motion filed by defendant Primerica Life Insurance Company ("Primerica") to strike amended complaint and to deny joinder, and on plaintiff's motion to allow amended complaint and deny defendant's motion to deny joinder.

The action originally was filed in the Circuit Court of Madison County, Alabama, on March 22, 2002. Primerica, a Massachusetts corporation with its principal place of business in Georgia, filed a notice of removal on May 17, 2002, 28 U.S.C. § 1441, on the basis of diversity jurisdiction, 28 U.S.C. § 1332, contending that defendant Pearline Douglas,[1] a resident of the State of Alabama, had been fraudulently joined in order to defeat federal jurisdiction.[2] Plaintiff neither moved to remand the action to state court, nor otherwise opposed Primerica's contention. This court entered a scheduling order on July 17, 2002, establishing September 30, 2002, as the deadline for adding causes of action, defenses, or parties.[3] Plaintiff filed an amended complaint on November 8, 2002,

---

[1] The complaint alleges that Pearline Douglas is the Primerica agent with whom the insured, now deceased, dealt with respect to her life insurance policy. Plaintiff asserts claims for payment of benefits under that policy.

[2] Doc. no. 1.

[3] Doc. no. 8.



without FIRST seeking leave of the court and without defendant's consent, as required by Federal Rule of Civil Procedure 15(a). Primerica moved to strike the amended complaint, and only then did plaintiff seek leave to file it.

A preliminary matter that the court must resolve before addressing plaintiff's untimely attempt to amend her complaint is Primerica's assertion that defendant Pearline Douglas was fraudulently joined to destroy complete diversity. The Eleventh Circuit has explained the relevant standards in the following manner:

> Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity — every plaintiff must be diverse from every defendant. *Palmer v. Hospital Authority of Randolph County,* 22 F.3d 1559, 1564 (11th Cir. 1994) (citing *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2 L. Ed. 435 (1806)). An action may nevertheless be removable if the joinder of non-diverse parties is fraudulent. *See Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983). "Removability should be determined 'according to the plaintiff's pleading at the time fo the petition for removal.'" *Id.* (citations omitted); *see also Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

*Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996). Further,

> [f]or removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant.

*Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001).

Here, plaintiff's original complaint contained two counts, alleging claims for breach of contract and bad faith refusal to pay, both brought against "Defendant" (singular). For the reasons stated by Primerica, which the court hereby adopts, the court concludes that there is no possibility that plaintiff can establish either of those causes of action against defendant Pearline Douglas.

2

Accordingly, Pearline Douglas is dismissed as a defendant to this action; and, as there is complete diversity between the parties, removal was proper.

Turning to plaintiff's motion for leave to amend the complaint, the Federal Rules of Civil Procedure provide that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a). The Supreme Court has provided the following guidance for district courts when considering whether an amendment to the complaint will be permitted under the foregoing rule:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).

As grounds for her motion for leave to amend the complaint, plaintiff states only that the amendment should be allowed because she is attempting to "clarify and plead[] with much greater particularity the claims against Pearline Douglas."[4] In fact, plaintiff seeks *to add eight causes of action*. Moreover, plaintiff seeks to amend the complaint eight months after the action was filed in state court, five months after it was removed to this court, and more than a month after the deadline

---

[4] Doc. no. 11 (Motion to Allow Amended Complaint and Deny Defendant Primerica Life Insurance Corporation's [sic] Motion to Deny Joinder) ¶ 3, at 1.

established by the court for adding parties, causes of action, and defenses. As Primerica correctly points out, plaintiff has offered no good cause for failing to assert her claims in a more timely fashion, especially where she should have been aware of those claims at the time she filed the state court complaint. Accordingly, plaintiff's motion for leave to amend the complaint is due to be denied.

A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 12th day of December, 2002.

_____
United States District Judge

4